**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Yvonne Colclough, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Andrew Saul, )<br>Commission of Social Security )<br>Administration, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 5:19-cv-01995-JMC<br><br>**ORDER** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on October 5, 2020. (ECF No. 17.) The Report addresses Plaintiff Yvonne Colclough's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Report (*id.*) and **AFFIRMS** the decision of the Commissioner.

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 17.) As brief background, Plaintiff filed applications for DIB and SSI on May 3, 2016 that were denied initially and on reconsideration. (*Id.* at 1.)

After a hearing was held on May 2, 2018, an administrative law judge ("ALJ") denied Plaintiff's claim in a decision dated August 1, 2018. (*Id.*) The Appeals Council ("Council") denied Plaintiff's request for review on May 31, 2019. (*Id* at 1-2.) Thus, the ALJ's decision became the final decision of the Commissioner. *Moody v. Chater*, No. 95–1066, 1995 WL 627714, at *1 (4th

1

Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on July 17, 2019. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that the ALJ properly assigned little weight to the opinion of Plaintiff's treating physician, Dr. Vinay Jagadeesha ("Dr. Jagadeesha"). (ECF No. 17 at 20.) First, the Magistrate Judge found that Dr. Jagadeesha's opinion was inconsistent with the medical evidence of record. (*Id.* at 17-18.) For example, Dr. Jagadeesha indicated in the "Attending Physician" section of a Disability Insurance Form for Plaintiff's Workers' Compensation claim that Plaintiff had "severe limitations [with] ambulation, standing. Anxiety & Depression" on July 20, 2016. (*Id.* at 15-19). However, Dr. Jagadeesha's findings from an examination of Plaintiff on the same day noted that Plaintiff had no gait abnormality, no syncope, no headache, no falls, no leg weakness, and was negative for depressed mood. (*Id.* at 18.) Second, the Magistrate Judge determined that the ALJ correctly discredited Dr. Jagadeesha's application for a Department of Motor Vehicles disability placard on Plaintiff's behalf because the placard used a different disability standard than the Social Security Act. (*Id.* at 18-19.) Third, the Magistrate Judge found the ALJ's observation that "[t]he possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another" to be proper. (*Id.* at 19.) The ALJ did not state that Dr. Jagadeesha's opinion was given in an effort to assist Plaintiff. (*Id.*) Instead, the ALJ merely acknowledged that the possibility exists. (*Id.*) As a result, the Report recommended that the court find that substantial evidence supports the ALJ's consideration of Dr. Jagadeesha's opinion and affirm the Commissioner's decision. (*Id.* at 20.)

The parties were apprised of their opportunity to file specific objections to the Report on October 5, 2020. (ECF No. 17-1 at 1.) On October 19, 2020, Plaintiff filed an Objection to the Report. (ECF No. 19.) The Commissioner replied to Plaintiff's Objection on October 22, 2020. (ECF No. 20.)

## II.     STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting

3

evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).  As such, the court is tasked with a "specific and narrow" review under the Act.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III.     ANALYSIS

Similarly to her Initial Brief (ECF No. 11) and Response Brief (ECF No. 13), Plaintiff's Objection contends that the ALJ improperly discounted Dr. Jagadeesha's opinion.  (ECF No. 19.)  The Commissioner claims that Plaintiff's Objection should be overruled because her Objection "reiterates" her previous arguments and the record contains substantial evidence to support the ALJ's determination.  (ECF No. 20.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).  Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes that Plaintiff's Objection restates arguments adequately addressed by the Report. (*See* ECF No. 17 at 8-20.) Moreover, Plaintiff's Objection substantively mirrors the arguments raised in prior briefing. Like Plaintiff's Objection, Plaintiff's Brief argues that "the ALJ failed to properly evaluate Dr. Jagadeesha's opinions[.]" (ECF No. 11 at 22.)

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's rehashed arguments. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses Plaintiff's Objection, is well-reasoned, and properly analyzes the issues raised by Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein and overrules Plaintiff's Objection.

## IV.   CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) and incorporates it herein. Accordingly, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 4, 2021
Columbia, South Carolina